The Honorable Art Givens State Representative 301 Brookwood Road, Suite 206 Sherwood, AR 72116
Dear Representative Givens:
This is in response to your request for an opinion regarding "Acts 266, 267, and 268." I will assume your question refers to the Domestic Abuse Act of 1991, which was derived from Act 266 of 1991 (now codified at A.C.A. §§ 9-15-101—211 (Cum. Supp. 1991)), Act 267 of 1991 (codified at A.C.A. § 5-53-134 (Cum. Supp. 1991)), and Act 268 of 1991 (codified at A.C.A. § 16-81-113 (Cum. Supp. 1991)). You have asked whether an offender who is in violation of the Act may post bond.
It is my opinion that, provided the presiding judicial officer has authorized the posting of a bond to ensure the appearance of the accused at future court proceedings, the answer to your question is "yes."
The relevant law is found at A.C.A. § 16-81-113 (Cum. Supp. 1991) and the Arkansas Rules of Criminal Procedure. Section16-81-113(a)(1) states, with regard to violations of the Domestic Abuse Act, that when a law enforcement officer has probable cause to believe a person has committed acts which constitute a crime under the Domestic Abuse Act, he may arrest the person. Subsection (c)(1) states that the person arrested shall be taken before a judicial officer without unnecessary delay, and subsection (c)(2) requires the judicial officer to conduct a pretrial release inquiry of the person. Subsection (d) states that the inquiry should take the form of an assessment of factors relevant to the release decision, including determining whether there are persons who agree to assist the accused in attending court at the proper times, evaluating the accused's prior criminal record, if any, and if he previously has been released pending trial, determining whether he appeared as required, and evaluating any other facts tending to indicate that the person is not likely to flee the jurisdiction of the court. Subsection (e)(3) states that the judicial officer may impose conditions of release, including "any . . . reasonable restrictions to ensure the appearance of the person at future judicial hearings."
These requirements are similar in all relevant respects to those sections of the Arkansas Rules of Criminal Procedure which authorize the posting of a bond to ensure the appearance of an accused in court. Rule 8.3 provides that upon the first appearance of a defendant, the judicial officer shall, if unable to dispose of the case at the first appearance, proceed to decide the question of the pretrial release of the defendant. A.R.Cr.P. 8.3(c). Likewise, Rule 8.5 mandates that the judicial officer hold a pretrial release inquiry upon the first appearance of an arrested person. The factors to be taken into consideration in the determination as to whether to release the offender are also set out at Rule 8.5, and include inquiring about persons who agree to assist the offender in attending court, the offender's prior record with regard to appearing in court as required, and whether he is likely to flee the jurisdiction. Rule 9.2(a) states that the judicial officer shall set money bail only after he determines that no other conditions will reasonably ensure the appearance of the offender in court. Accordingly, the question of bond will be decided by each individual judicial officer.
In light of the foregoing, it is my opinion that a judicial officer is authorized, in the exercise of his or her duties, to set a money bond amount to assure the appearance at future court proceedings of a person who is accused of violating the Domestic Abuse Act. Under these circumstances, an accused may post bond to guarantee his future appearance.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
SLD:cyh